

11-02756-A
COMPLAINT
PLAINTIFF: RUSSELL DODD
DEFENDANT: FEDERAL HOME LOAN MORTGA
JUDGE: HON. M. MCMANUS
RELATED CASE: 11-46352
-------------------------------
FILED 12/6/11 - 3:22 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION    ulos

2011-02756

RUSSELL JAMES DODD
JEAN MARIE DODD
3548 DOMICH WAY
SACRAMENTO, CA 95821
(209) 993-5914
IN PRO PER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re: RUSSELL JAMES DODD AND JEAN MARIE DODD,<br><br>Debtor(s),<br><br>VS.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, LOANCITY INC., CITIMORTGAGE, INC., CHICAGO TITLE COMPANY , AND DOES 1-50 , Inclusive ,<br><br>Defendants | CASE No.: 11-46352<br><br>**COMPLAINT FOR DAMAGES FOR, VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5; FRAUD; INTENTIONAL MISREPRESENTATION, VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6, VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1572, VIOLATION OF BUSINESS AND PROFESIONS CODE §17200**<br><br>**USURY [VIOLATION OF ARTICLE XV, SECTION 22 OF THE CALIFORNIA CONSTITUTION AND CAL. FIN. CODE §§ 22750, INCLUDING INJUNCTIVE RELIEF TO VOID MORTGAGE];** |

Plaintiff, RUSSELL JAMES DODD and JEAN MARIE DODD (hereinafter "Plaintiffs")

alleges herein as follows:

## PRELIMINARY STATEMENT

1. Plaintiff RUSSELL JAMES DODD and JEAN MARIE DODD ( hereinafter collectively

known as "PLAINTIFFS" ), ,for their causes of actions against defendants FEDERAL

HOME LOAN MORTAGE, CORPORATION MORTGAGE ELECTRONIC REGISTRATION SYSTEM, LOANCITY INC., CITIMORTGAGE, INC. hereinafter collectively known as "Defendants" ) alleges the following, on information and belief:

PARTIES

2. RUSSELL JAMES DODD and JEAN MARIE DODD an individual, residing at 3548 DOMICH WAY, SACRAMENTO, CA 95821 in Sacramento County. The legal descriptions are as follows:

APN: 255-0142-001-0000

Legal descriptions follows:

The Land is situated in the City of Sacramento, County of Sacramento, State of California and described as follows:

LOT 24 OF MOTCLAIRE GARDENS, ACCORDING TO THE OFICIAL PLAT THEREOF, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON APRIL 30, 1957 IN BOOK 46 OF MAPS, MAP NO. 17, RECORDS OF SAID COUNTY.

(hereinafter Real Property") at all times mentioned herein.

3. Upon information and belief, Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION, a California corporation, at all times mentioned herein, was a California corporation doing business in the State of California.

4. Upon information and belief, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, a California corporation, at all times mentioned herein, was a California corporation doing business in the State of California.

5. Upon information and belief, LOANCITY INC., a California corporation, at all times mentioned herein, was a California corporation doing business in the State of California.

6. Upon information and belief, CITIMORTGAGE, INC., a California corporation, at all times mentioned herein, was a California corporation doing business in the State of California.

7. Upon information and belief, CHICAGO TITLE COMPANY., a California corporation, at all times mentioned herein, was a California corporation doing business in the State of California.

8. As part of the economic decline, homeowners, with frequency, have become delinquent on their mortgage payments. This instant case arises when the Plaintiffs, homeowners, too, became late on their mortgage payments for their home located at 3548 DOMICH WAY, SACRAMENTO, CA 95821.

9. Plaintiffs attempted Loan Modifications for their loan on several as they were in financial hardships because of the depressed economy an adjustments in their loan.

10. After working with the lender, who the debtor believed to be CITIMORTGAGE, INC. for several months, Plaintiffs discovered that their work was futile in that the lender's agents/employees would constantly require documentation that had already been provided, and the delays put Plaintiffs in a position whereby the alleged Judicial Foreclosure Sale was eminent. Plaintiffs has no formal evidence that their mortgage was sold or transferred to any other companies. Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION ("FHLM") has taken the position that it owns the mortgage, or otherwise has servicing rights through CITIMORTGAGE INC., and has instituted a foreclosure action against the property.

11. Further, Defendants failed to meet the proper statutory requirements under the California

3

Civil Code Sections 2923.5 and to foreclose on a deed of trust, as they did not

Properly provide notice and accurate information in the requisite filings under California

Civil Code Sections 2923.6, nor did they provide the proper notice of sale pursuant to California

Civil Code Sections 2923.5.

12. To make matters worse, this case also arises because the Plaintiff was a victim of

unlawful and wrongful foreclosure and/or an underlying conspiracy to commit fraud that

resulted in foreclosures being initiated by the Defendants on the Plaintiff home. These

foreclosures were, and are, based upon a deed of trust and a note in the mortgage that are

no longer held by the same entity or party and are based upon deeds of trust that are

flawed at the day of origination of the loan because the MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS ("MERS") was name as the beneficiary or nominee of the

lender on deed of trust and promissory note.

13. MERS was never intended to be the lender and now the servicer CITIMORTGAGE

("CITI") or some other party has declared the default on the loan even though the true

beneficiaries have not declared default and have no further interest in the note.

14. Finally, the obligations reflected by the note executed by Plaintiff allegedly secured

By LOANCITY deed of trust have been satisfied because the investors who furnished the

funding for these loans has been paid to the degree that the extinguishment of the debt

has occurred with the result that there exists no obligation on which to base any

foreclosure on the property owned by Plaintiff. Accordingly, MERS/FHLM/CITI, have

attempted to foreclose when they do not have a lawful right to foreclose and have, at

most, an unsecured debt. To make matters worse, LOANCITY has forced to shut it's

doors by the New Jersey Department of Banking and Commerce because they no longer had a lending license and was ordered to CEASE AND DISSEST from ALL LENDING OPERATIONS. Part of what they were accused of was being INSOLVENT and not having ADEQUATE BOOKS AND RECORDS. We are all aware of the ROBO signings that have come about, and we CHALLENGE FEDERAL HOME LOAN MORTGAGE CORPORATION to provide a CHAIN OF POSSESSION of the ORIGINAL NOTE WHICH SHOW THEY OWN THE PROPERTY. (See Exhibit "A")

## PARTIES

15.    Plaintiffs RUSSELL JAMES DODD and JEAN MARIE DODD is and at all times relevant has been a resident of the County of Sacramento, State of California and the lawful owner of Real Property commonly at issue herein known as: 3548 DOMICH WAY, SACRAMENTO, CA 95821. The Legal description is as follows:

APN: 255-0142-001-0000

Legal descriptions follows:

The Land is situated in the City of Sacramento, County of Sacramento, State of California and described as follows:

LOT 24 OF MOTCLAIRE GARDENS, ACCORDING TO THE OFICIAL PLAT THEREOF, FILED IN THE OFFICE OF THE RECORDER OF SACRAMENTO COUNTY, CALIFORNIA, ON APRIL 30, 1957 IN BOOK 46 OF MAPS, MAP NO. 17, RECORDS OF SAID COUNTY. (hereinafter "Real Property")

16.    Defendant FEDERAL HOME LOAN MORTGAGE, ('FHLB') c/o: EDDIER.JIMENEZ/CHRISTOPHERM.MCDERMOTT, PITE DUNCAN, LLP

24375 Jutland Drive, Suite200, P.O. Box 17933, San Diego, CA 92177-0933 (hereinafter "FHLM"), at all times herein mentioned was conducting business in the County of Sacramento, State of California, and claims to be the current owner of the property.

16.    Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEM, (hereinafter "MERS'), at all times herein mentioned was conducting business in the County of Sacramento, State of California and is the purported was the original beneficiary by the original lender.

17.    Defendant LOANCITY INC. 5671 Santa Teresa Boulevard, Suite 100, San Jose, CA 95123 (hereinafter "LOANCITY), at all times herein mentioned was conducting business in the County of Sacramento, State of California and was is the entity named as the original owner Lender of Plaintiff's Deed of Trust and Note.

18.    Defendant CITIMORTGAGE, 1000 Technology Drive, MS 314, O Fallon, MS 63368-2240 (hereinafter "CITI), at all times herein mentioned was conducting business in the County of Sacramento, State of California and was is the entity named as the original owner Lender of Plaintiff's Deed of Trust and Note.

19.    Defendant CHICAGO TITLE COMPANY, (hereinafter 'CHICAGO'), at all times herein mentioned was conducting business in the County of Sacramento, State of California and was listed on the Notice of Default and the Notice of Trustee's Sale for the above named Real Property.

20.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

21.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned each of the defendants sued herein was the agent and employee of each of the remaining defendants. Plaintiff alleges that each and every defendant alleged herein ratified the conduct of each and every other defendant. Plaintiff further alleges that at all times said defendants were acting within the purpose and scope of such agency and employment.

22.     Plaintiff obtained a mortgage loan for the forgoing Real Property on or about May 5, 2006 for the Sacramento, CA property through LOANCITY by virtue of a Trust Deed and Notes securing the loan.

23.     Plaintiff further allege that on or about November 23, 2009 for the Sacramento, CA property, Defendants alleged that Plaintiff became in default on his loan. However, the Declaration of Due Diligence that is required to be attached to the Notice of Default is missing pursuant to California Civil Code Section 2923.5, therefore making the Notice of Default void. A true and correct copy of the Notice of Default is attached hereto as "Exhibit B" and incorporated herein by reference. Plaintiff further alleges that Defendants sold his Property at a public auction in March 16, 2011.

24.     Plaintiff further allege on information and belief that none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of Trustee's Sale can prove that they have the authority to conduct the foreclosure sale.

25.     Plaintiff further alleges that the attempted foreclosure sale of the Subject Property due to failed notices and unauthorized parties was not executed in accordance with the requirements of *California Civil Code Sections 2924, Section 2923.5 and Section 2923.6.*

26.     Plaintiff further allege that Defendants, and each of them, are engage in and continue to engage in violation of California law including, but not limited to, *California Civil Code Sections 2924, Section 2923.5 and Section 2923.6*, and unless restrained will continue to engage in such misconduct, and that the public necessitates that the Defendants be restrained from such conduct in the future.

## I.
## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.5
### (As Against All Defendants)

27.     Plaintiff incorporates and realleges Paragraphs 1 through 26 as though such have been fully set forth herein.

28.     Defendants cannot prove that the non-judicial foreclosure which has commenced, strictly complied with the tenets of *California Civil Code Sections 2923.5 and Section 2924* in order to maintain and action for possession.

30.     The California Legislature passed Senate Bill 1137, impacting residential mortgage lenders, foreclosure procedures and eviction procedures. This law is effective immediately and extends until January 1, 2013. The Statute amends the provisions of the non-judicial foreclosure procedures found in California Civil Code of Procedure Section 2924, by adding the requirements for meetings, due diligence, and notification of counseling. The primary purpose for the Statute is foreclosure procedures and imposes an unprecedented duty upon lenders relating to contact with borrowers.

### California Civil Code Section 2923.5

31.     As of September 6, 2008, *California Civil Code Section 2923.5* applies to loans made from January 1, 2003, to December 21, 2007, and loans secured by residential real property that are for owner-occupied residences. For purposes of *California Civil Code*

8

*Section 2923.5,* "owner-occupied" means that the residence is the principal residence of the borrower. Prior to filing a Notice of Default, *California Civil Codes Section 2923.5* provides in <u>pertinent part</u>;

> (a) (1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).

> (2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.

**Lender in this case did not provide a toll-free telephone number to Plaintiff. Plaintiff was never contacted to assess their financial situation and was not given any options in order to avoid foreclosure. Plaintiff would have requested a meeting at their home within 14 days if they had been advised of that option.**

> (b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h).

```
The required declaration is missing/improper. The declaration
does not contain a penalty of perjury clause and there is no
evidence on the face of the Notice of Default as to whether the
declarant had any personal knowledge concerning the contact made
to Plaintiff. (See infra)
```

> (c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:

> (1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.

(2) Lists the efforts made, if any, to contact the borrower in the event no contact was made.

32.    Further *California Civil Code Section 2923.5(g)* provides that a borrower not contacted by a mortgagee, beneficiary, or authorized agent despite "due diligence" shall me all of the following:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.

(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.

(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

**The mortgagee, beneficiary, or authorized agent never complied with the provisions of Section 2923.5(g) of the California Code in its entirety as proscribed.**

33.    Plaintiff is informed and believes and thereupon alleges that the Notice of Default was invalid and unenforceable due to the intentional and willful violations including, but not limited to, failing and refusing to mail the Notice of Default within 10 business days to Plaintiff, to post and mail the Notice of Default within one month, to properly set the sale date, and to

publish the Notice of Sale twenty days prior to the date set for sale as required by *California Civil Code Section 2924.*

34.　　Defendants did not fully comply with *California Civil Code Section 2923.5* and therefore the Notice of Default is VOID. Thus if the property is sold in a non-judicial foreclosure, the procedure is void.

### Invalid Declaration on Notice of Default and/or Notice of Trustee's Sale

### PENALTY OF PERJURY

35.　　The purpose of permitting a declaration under the penalty of perjury, in lieu of a sworn statement, is to help ensure that the declaration contain a truthful factual representation and are made in good faith. (In re Marriage of Reese & Guy, 73 Cal. App. 4th 1214, 87; Cal Rptr. 2d 339 (4th Dist. 1999).

36.　　In addition to *California Civil Code Section 2923.5, California Code of Civil Procedure Section 2015.5* States:

> Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California. The certification or declaration may be in substantially the following form:
> (a) If executed within this state:
> "I certify (or declare) under penalty of perjury that the foregoing is true and correct":

> _____　　　　　_____
> (Date and Place)　　　　　　　　　　　　　(Signature)

**For our purposes we need not look any further than the Notice of Default to find the declaration is missing and therefore there is no signature under penalty of perjury; as mandated by new Civil Code Section 2923.5(c). Therefore, the Notice of Default is VOID.**

## LACK OF PERSONAL KNOWLEDGE OF DECLARANT

37.     An affidavit on behalf of a corporation must show that it was made by an authorized officer or agent, and the officer himself or herself must swear to the facts. Furthermore, a person who verified a pleading is required to have personal knowledge or reasonable cause to believe the existence of the facts stated therein. Here, the Declaration for the Notice of Default by the agent does not state if the agent has personal knowledge, and how he obtained that knowledge.

38.     The proper function of an affidavit is to state the facts, not conclusions, and affidavits that merely states conclusions rather than facts are insufficient. An affidavit must set forth facts and show affirmatively how the affiant obtained the personal knowledge of those facts. The Notice of Default <u>does not</u> have the required agent's personal knowledge of the facts and if the Plaintiff borrower was affirmatively contacted in person or by telephone to assess the Plaintiff's financial situation and explore options for Plaintiff to avoid foreclosure. Simply put, the declaration was missing all together.

39.     Plaintiff alleges that Defendants, and each of them, willfully, wrongfully and without justification, and without privilege commenced an invalid foreclosure sale against the Plaintiff's Real Property, thereby, slandering Plaintiff's title thereto.

40.     Furthermore, the California Foreclosure Prevention Act, which became effective June 15, 2009, delays the non-judicial foreclosure process by requiring an additional 90 day

delay (beyond the current three-month period) between recording a notice of default and a notice of stay for certain residential properties. The law applies to:

> 1. Loan recorded between January 1, 2003 and January 1, 2008, inclusive;
> 2. The borrower occupies the property as his/her primary residence and occupied it at the loan became delinquent;
> 3. A notice of default has been recorded on the property; and
> 4. The loan is secured by a first lien on residential property that is located in California.

41.     In this case, Plaintiff's property was, and is, their primary residence and their deed was dated December 6, 2005 for the Walnut, CA property and November 7, 2005 for the Pico Rivera, CA. Therefore, the California Foreclosure Prevention Act applies and they should be allowed in additional 90 days (plus the three-month period already) after the Notice of Default is recorded. Therefore, the Notice of Trustee's Sale recorded is also void.

## II.
## SECOND CAUSE OF ACTION
## FOR FRAUD
### (As Against All Defendants)

42.     Plaintiff repeats and realleges Paragraphs 1 through 41 as though fully set forth herein.

43.     On or about November 5, 2005 for the Sacramento, CA property, Plaintiff obtained a mortgage loan the LOANCITY to refinance his home. On or about November 23, 2009, CITIMORTGAGE purported to execute a Notice of Default.

44.     Plaintiff has recently learned that Defendant CITIMORTGAGE listed on the Notice of Default and Notice of Trustee's Sale are not the legal owners of the Note and Deed of Trust and were not at the time they issued the notices and commenced to foreclosure process, notwithstanding the fact that the note was no negotiable and did not contain a valid power of sale and also was void due to the missing/invalid Declaration of Due Diligence.

45.     The Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of Pribus v. Bush, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the Note to complete the assignment, and as such, the foreclosure of Plaintiff's Real Property was void.

46.     In addition, *California Civil Code Section 2932.5* governs the Power of Sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments:

"Where the power of sale of real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, **there power is part of the security and vests in the person who by the assignment becomes entitled to payment** of the money secured y the instrument. The power of sale may be exercised by the assignee if the assignment in duly acknowledged and recorded."

47.     Defendants have no standing to enforce non-judicial foreclosure. Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale because an assignment was not acknowledge or recorded.

48.     *Uniform Commercial Code Section 3-31* states that the "person entitled to enforce an instrument" is either the holder of the instrument or a non-holder in possession of the instrument who has the rights of the holder. Furthermore, Section 3-302 states that a "holder in due course" is not a person who acquired rights of an instrument by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding.

49.    Plaintiff executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to LOANCITY Inc. is the Lender and only party entitled to enforce the Note and any security interest with it.

50.    CITIMORTGAGE is not listed anywhere in the Deed of Trust or Promissory Note.

51.    The Sacramento County Recorder's Office does not contain any evidence of a recorded assignment from LOANCITY.

52.    As a result, the power of sale may not be exercised by any of the Defendants since there was never an acknowledged and recorded assignment pursuant to *California Civil Code Section 2932.5*. Furthermore, Defendant CITIMORTGAGE/FEDERAL HOME LOAN MORTGAGE CORPORATION have no lawful security interest in the Real Property.

53.    Plaintiff allege that the Defendants, and each of them, falsely represented that the Notice of Default was validly executed, that they intended to induce Plaintiff into relying on the misrepresentation, that they knew at the time they made these representations to Plaintiff that they were untrue, and defendants knew at the time they were attempting to foreclose on Plaintiff's Trust Deed and note that they had no right to do so.

54.    Plaintiff allege that due to his reliance of Defendants representations he has been damaged in an amount that currently exceeds $25,000.00 and additional costs.

55.    Plaintiff allege Defendants, and each of them, intentionally and fraudulently converted Plaintiff's right, title and interest in his property, and any equity therein. Defendants' willful deceit was with the intent to induce Plaintiff into believing they had authority to start the foreclosure process by recording a false document. (See infra)

56.     Defendants' conduct as set forth above was intentional, oppressive, fraudulent and malicious so as to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

### **Recording a False Document**

57.     The Notice of Default states, "That by reason thereof, the present beneficiary under such deed of trust, has ***executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby.***"

However, Defendants do not have the original promissory note, nor do they provide any documents evidencing obligations secured thereby.

58.     Furthermore, according to *California Penal Code Section 115* in pertinent parts:

(a) Every person who knowingly procures offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.
(b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section.

In addition, *California Evidence Code Section 669* states in pertinent part:

(a) The failure of a person to exercise due care is presumed if:
(1) He violated a statute, ordinance, or regulation of a public entity.

Here, as stated above the Declaration of Due Diligence as required by Section 2923.5 of the California Civil Code is missing and/or improper for the Notice of Default. Therefore, Defendant CITIMORTGAGE/FEDERAL HOME LOAN MORTGAGE CORPORATION is guilty of a felony for recording the Notice of Default with a false instrument according to

California Penal Code Section 115. Since Defendants have violated a statute, the failure of them to exercise due care will be presumed.

59.      Furthermore, This defendant did not adhere to the mandates laid out by congress before foreclosure can be considered duly perfected. The Notice of Default states:

"That by reason thereof, the present beneficiary under such deed of trust, has **executed and delivered to said agent, a written Declaration of Default and Demand the same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby,** and has declared and does hereby declare all sums secured hereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured hereby."

However, Defendants do not have the Deed of Trust, nor do they provide any documents evidencing obligations secured thereby. For the aforementioned reasons, the Notice of Default will be void as a matter of law and Defendants recorded a false document.

### III.
### THIRD CAUSE OF ACTION
### FOR INTENTIONAL MISREPRESENTATION
### (As Against All Defendants)

60.      Plaintiff incorporates and reallege Paragraphs 1 through 59 as though such have been fully set forth herein.

61.      Plaintiff is informed and believe that the representation on the Deed of Trust and the Notice of Default was a false intentional misrepresentation in the following particulars:

[A]      Defendant FEDERAL HOME LOAN BANK knew CITIMORTGAGE was not authorized to commence the foreclosure process by executing a Notice of Default and it was made for the sole purpose on inducing reliance and confusing Plaintiff.

[B]   At   the   time   Defendants   CITIMORTGAGE/FEDERAL   HOME   LOAN MORTGAGE CORPORATION  executed the Notice of Default they knew the required Declaration of Due Diligence was false and for the sole purpose of inducing reliance and confusing Plaintiff. Defendants also recorded a document they knew was false.

[C]   CITIMORTGAGE/FEDERAL  HOME  LOAN  MORTGAGE  CORPORATION were not entitled to any payments and authorized to start the foreclosure process since there was never a recorded assignments from LOANCITY.

**IV.**
**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6**
**(As Against All Defendants)**

62.    Plaintiff incorporates and realleges Paragraphs 1 through 61 as though such have been fully set forth herein.

63.    Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

64.    *California Civil Code Section 2923.6* broadens and extends the PSA duty to provide that the mortgage, beneficiary, or authorized agent offer the borrower a loan modification or written plan if such a modification or plan is consistent with its contractual or other authority.

65.    Pursuant to *California Civil Code Section 2923.6(a),* a servicers acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

66.     Plaintiff's loan is presently in an uncertain state and The Joint Economic Committee of Congress estimated in June 2007 that the average foreclosure results in $77,935.00 in costs to the homeowner, lender, local government, and neighbors.

67.     Of the $77,935.00 in foreclosure costs, The Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring and reselling the property to a third party. Freddie Mac places this loss higher at $58,759.00.

68.     Plaintiff is willing, able, and ready to execute a modification under terms to be negotitade.

69.     Any loan modification would have to be for the present fair market value of the property.

70.     Pursuant to *California Civil Code Section 2823.6*, Plaintiff invoke the remedies embodied in the aforementioned agreement and/or codes with a <u>willingness to execute a modification of his loan</u>. This option was not explored with the Plaintiff.

71.     Furthermore, according to <u>Anthony E. Dimock v. Emerald Properties, LLC, et al.</u> (81 Cal.App.4[th] 868, 97 Cal.Rptr.2d 225), Plaintiff was not required to rely upon equity in attacking the deed and therefore he was not required to meet any of the burdens imposed when, as a matter of equity, a party wises to set aside a voidable deed. (See <u>Little v. CFS Service Corp.</u>, supra, 188 Cal.App.3d at p. 1359.) In particular, Plaintiff is not required to tender any of the amounts due under the note.

72.     Also in <u>Scott v. Security Title Ins. & Guar. Co.</u>, (1937) 9 Cal.2d 606, 610-611, the court stated that "It is true that if the sale had been totally void their tender obligation would have been excused." A "void sale" according to 12 Thompson on Real Estate, Thomas Editions

Section 101.0(c)(2)(i) can be set aside even though the property passed into a bona fide purchaser. Furthermore, the section states that most of the cases in which a sale to a bona fide purchaser was set aside involved *sales by trustees or mortgagees who lacked the power of sell.*

73.     Plaintiff is suing for a legal remedy and therefore, there is no requirement of tender. In addition, the lack of power of sale rendered the sale void which would excuse Plaintiff's tender obligation.

## V.
### FIFTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1572
### (As Against All Defendants)

74.     Plaintiff incorporates and reallege Paragraphs 1 through 73 as though such have been fully set forth herein.

75.     Plaintiff is an unsophisticated customer whose reliance upon Defendants was reasonable and consistent with the Congressional intent and purpose of California Civil Code Section 1571 enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

76.     Defendants' misrepresentations, failure to assign as described above were made with the intent to induce Plaintiff to obligate himself in reliance on the integrity of Defendants and/or Defendants' predecessors.

77.     As an unsophisticated customer, Plaintiff could not have discovered the true nature of the material facts on his own.

78.     Plaintiff was ignorant of the facts which Defendants misrepresented and failed to disclose and his reliance was a substantial factor in causing him harm.

79.     As a proximate result of Defendants, Plaintiff has suffered damage in an amount to be determined at trial.

80.     The conduct of Defendants as mentioned above was fraudulent within the

meaning of *California Civil Code Section 3294(c)(3)*, and by virtue thereof Plaintiff is entitled to

an award of punitive damages in an amount sufficient to punish and make example of the

Defendants.

**V.**

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1572**
**(As Against All Defendants)**

81.     Plaintiff incorporates and reallege Paragraphs 1 through 80 as though such have

been fully set forth herein.

82.     Plaintiff allege that the Defendants' practices are likely to mislead the general

public, and therefore, constitute a fraudulent business act of practice within the meaning of

*Business and Professional Code Section 17200.* The Defendants' unfair, unlawful, and

fraudulent business practices and false and misleading declaration of Notice of Default present a

continuing threat to members of the public in that other consumers will be defrauded into

assuming this void Notice of Default is in fact valid. Plaintiff and other members of the general

public have no other adequate remedy at law.

83.     Plaintiff allege that the employees and/or agents of CITIMORTGAGE/FEDERAL

HOME LOAN MORTGAGE CORPORATION  represented that said employees and/or agents

had contacted Plaintiff to assess his situation. Defendants recorded a false document known as

the Notice of Default with an invalid Declaration. Furthermore, there was never an assignment

from LOANCITY to CITIMORTGAGE/FEDERAL HOME LOAN MORTGAGE

CORPORATION. Therefore, the Notice of Default is VOID  as a matter of law.

84.　　The harm to Plaintiff and members of the general public outweighs the utility of Defendants' policy and practices, consequently, constitute an unlawful business act of practice within the meaning of *Business and Professions Code Section 17200.*

85.　　As a result of the aforementioned acts, Plaintiff have lost money or property and suffered injury in fact. Defendants received and continue to hold Plaintiffs' money and other members of the general public.

86.　　The aforementioned acts of Defendants, and each of them, were motivated by oppression, fraud, malice, in that Defendants, and each of them, by their respective acts, omissions, nonfeasance, misfeasance and/or malfeasance executed invalid foreclosure sale of the Plaintiff's Real Property, in order to deny Plaintiff of his rights of possession and ownership, whereupon, the Foreclosure was defective as discussed above due to the VOID Notice of Default and as such the Property must be restored to Plaintiff or alternatively Plaintiff is entitled to the value thereof.

**SEVENTH CAUSE OF ACTION**

**(Injunctive Relief for Violation of Article XV, section 22 of the California Constitution and Cal. Fin. Code §§ 22750 Against All Defendants)**

87.　　Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 to 86 of the Complaint, as though herein fully set forth.

88.　　Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, insisted that the Plaintiff, RUSSELL AND JEAN DODD remand interest only payments (without a contract) as usurious. Under the California Constitution and law, if a

transaction is usurious, statutes regulating lending organizations, consider that the entire

loan contract as void, so that neither principal nor interest can be received.

89.     Defendants, CITIMORTGAE as the mortgagee and beneficiary, MERS as trustee,

usurious actions to compel Plaintiff "THE DODDS" to pay a mortgage of interest only

payments at 9% (NINE-PERCENT) or 12% (TWELVE-PERCENT) of the LOANCITY

loan amount, without a contract in writing, are direct violations of the California

Financial Code and Article XV, section 22 of the California Constitution.

90.     Interest rate limitations on commercial loans are found in the California

Constitution under Article XV, section 22 of the California Constitution, which provides

in part as follows: "The rate of interest upon the loan or forbearance of any money ...

shall be 7 per cent per annum but it shall be competent for the parties to any loan or

forbearance of any money ... to contract in writing for a rate of interest not exceeding 10

per cent per annum. ..."

91.     Under the 2010 California Financial Code, Article 2, §§ 22750(a) (b):

"(a) If any amount other than, or in excess of, the charges permitted by this division is

willfully charged, contracted for, or received, the contract of loan is void, and no person

has any right to collect or receive any principal, charges, or recompense in connection

with the transaction. "

"(b) If any provision of this division is willfully violated in the making or collection of a

loan, the contract of loan is void, and no person has any right to collect or receive any

principal, charges, or recompense in connection with the transaction..."

92.     Article 3 of Commercial Loan Penalties, Financial Code Section 22780 defers to

Section 22713(d) for authority and penalties, which states:

"As applied to the penalties for acts in violation of this division, the remedies provided by this section and by other sections of this division are not exclusive, and may be sought and employed in any combination to enforce the provisions of this division."

93.    Plaintiffs allege that in light of the above-stated statutory violations, and Court, order must issue enjoining Defendants from proceeding with a non-judicial foreclosure and collection of the alleged indebtedness on the loan.

94.    As a result of Defendants' unfair competition, Plaintiff is entitled to restitution for all sums received by Defendants with respect to Defendants' unlawful and/or unfair and/or fraudulent conduct, including, without limitation, interest payments made by Plaintiff, fees paid to Defendants, including, without limitation, the excessive fees paid at Defendants' direction.

95.    Plaintiffs allege that they are entitled to equitable relief, including restitution of payments made by Plaintiff "THE DODDS" in excess of $100,000 (ONE-HUNDRED AND THOUSAND DOLLARS), according to proof, disgorgement of all profits accruing to Defendants because of their unlawful and deceptive acts and practices, attorney fees and costs, declaratory relief, and a permanent injunction.

96.    Plaintiff is also entitled to the issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction restraining and enjoining Defendants from any further concealment with respect to the sale or enforcement of notes and mortgages, or any of the other misconduct set forth above. The Court must render any explicit or implied contract of a loan and/or mortgage, void.

97.     Plaintiff's are entitled to such relief as is set forth in this Cause of Action and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference is incorporated herein as though fully set forth at length.

**WHEREFORE,** Plaintiff having set forth the claims for relief against Defendants, respectfully pray that this Court grant the following relief against the Defendants:

1.  Actual Economic and Non Economic Damages:

2.  For rescission of any Trustee Sale;

3.  For a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default;

4.  For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all persons acting under, for, or in concert with them, from foreclosing on Plaintiff's Home or from conducting a trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's Home;

5.  For damages as provided by statute;

6.  For an Order enjoining Defendants from continuing to violate the statutes alleged.

7.  For an a restraining order preventing Defendants and/or their agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising the Real Property for sale (ii) attempting to transfer title to the Real Property and/or (iii) holding any auction therefore;

8.  For punitive damages in excess of $5,000,000;

9.  For cost of suit and reasonable attorney's fees;

10. For such other and further relief as the court may deem just and proper.

Dated:  December 6, 2011

Russell and Jean Dodd
Debtor in pro per

# VERIFICATION

We, RUSSELL AND JEAN DODD, are the Plaintiff in the above-entitled action. We have read the foregoing Complaint and know the contents thereof. The same is true of our own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, we believe it to be true. We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this_6th_day of December 2011, in Sacramento, California.

_____
RUSSELL DODD

_____
JEAN DODD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



**STATE OF NEW JERSEY**

## DEPARTMENT OF BANKING AND INSURANCE
### DIVISION OF BANKING

ORDER NO. E07- *0323*

IN THE MATTER OF:

<table>
<tr><td>LOANCITY INC, Ref. No. 9917901<br>and MARK CANNON,<br>Ref. No. 9400038</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td align="center"><b>ORDER TO<br>CEASE AND DESIST<br>AND TO TAKE CERTAIN ACTIONS<br>&amp;<br>ORDER TO SHOW CAUSE<br>WHY LICENSES SHOULD<br>NOT BE REVOKED</b></td></tr>
</table>

TO:    Loancity Inc.
2310 Route 34, Suite 1A
Manasquan, New Jersey 08736

Loancity Inc.
5671 Santa Teresa Boulevard
Suite 100
San Jose, California 95123

Mark Cannon
Loancity Inc.
2310 Route 34, Suite 1A
Manasquan, New Jersey 08736

THIS MATTER having been opened by the Commissioner of Banking and Insurance ("the Commissioner"), upon information that Loancity Inc. ("Loancity"), licensed with mortgage banker authority pursuant to the New Jersey Licensed Lenders Act (the "Act"), N.J.S.A. 17:11C-1 et seq., and Mark Cannon ("Cannon"), the individual officer or principal licensee of Loancity, have engaged in conduct in violation of the Act; and

### COUNT ONE

IT APPEARING that, beginning on or about March 20, 2007, Loancity and Cannon ceased to disburse funds on an unknown number of mortgage loans closed and/or approved for closing as required by an unknown number of agreements they had entered into with New Jersey resident mortgage loan customers, in violation of N.J.S.A. 17:11C-22h, with each such failure to disburse representing a separate violation of N.J.S.A. 17:11C-22h; and

EXHIBIT A

## COUNT TWO

**IT APPEARING** that, beginning on or about March 20, 2007, Loancity and Cannon failed to deliver mortgage loan proceeds funds within the required time after a mortgage loan closing with respect to an unknown number of agreements Loancity had entered into with New Jersey resident mortgage loan customers, in violation of N.J.S.A. 17:11C-22i, with each such failure to disburse representing a separate violation of N.J.S.A. 17:11C-22i; and

## COUNT THREE

**IT FURTHER APPEARING** that, prior to March 20, 2007, Loancity and Cannon took an unknown number of pending mortgage loan applications that have not closed (hereinafter referred to as the "Loans in the Pipeline") and that Loancity and Cannon knew or should have known they would be unable to process through to closing and funding in accordance with the mortgage agreements, thereby misrepresenting or concealing a material particular of the transaction in violation N.J.S.A. 17:11C-22g, with each such misrepresentation or concealment representing a separate violation of N.J.S.A. 17:11C-22g; and

## COUNT FOUR

**IT FURTHER APPEARING** that, effective on or about March 20, 2007, Loancity and Cannon shut down operations in New Jersey without appropriate notice to the Commissioner or other interested parties, in a manner that demonstrated unworthiness, incompetence and bad faith in the transaction of business as a licensee in violation of N.J.S.A. 17:11C-18a(5); and

## COUNT FIVE

**IT FURTHER APPEARING** that Loancity failed to make all books, accounts, records and documents pertaining to its business available for examination, in violation of N.J.S.A. 17:11C-19c and N.J.S.A. 17:11C-18a(1); and

## COUNT SIX

**IT FURTHER APPEARING** that Loancity has failed to maintain the required net worth or become insolvent, in violation of N.J.S.A. 17:11C-14 and N.J.S.A. 17:11C-18a(4);

**NOW, THEREFORE**, in accordance with authority provided in the Act and at N.J.S.A. 17:1-15g, IT IS on this 12th day of April 2007, **ORDERED** that:

A.     **ORDER TO CEASE AND DESIST**

1.     Loancity and Cannon shall immediately **CEASE AND DESIST** from closing loans without available funding, for New Jersey mortgage loan customers;

2.     Loancity and Cannon shall immediately **CEASE AND DESIST** from taking any new applications in New Jersey until further notice from the Commissioner;

2

EXHIBIT A

B.    **ORDER TO TAKE CERTAIN ACTIONS**

3.    Loancity and Cannon shall immediately **TAKE ACTION** to fund those loans that have closed without funding or to redirect such loans to a viable alternative funding source;

4.    Loancity and Cannon shall immediately **TAKE ACTION** to secure a viable funding source for the Loans in the Pipeline before proceeding any further with such loans or to redirect the Loans in the Pipeline to a viable alternative lender;

5.    Loancity and Cannon shall immediately **TAKE ACTION**, on a daily basis, to provide to the Commissioner with a daily report, in electronic format, with all such information as the Commissioner may require, including where appropriate proof of funding (by Federal ID Wire Number), detailing the status of all loans closed but not funded; and

6.    Loancity and Cannon shall immediately **TAKE ACTION**, on a daily basis, to provide to the Commissioner a daily report, in electronic format, with all such information as the Commissioner may require, detailing the status of each Loan in the Pipeline; and

7.    Loancity and Cannon shall immediately **TAKE ACTION** to make available for examination any and all other books, accounts, records and documents pertaining to its business as the Commissioner may request; and

8.    Loancity and Cannon shall immediately **TAKE ACTION** to place into escrow until further order of the Commissioner all monies representing fees of any kind paid by customers for a loan that has not been funded; and

9.    Failure to comply with the terms of this Order shall subject Loancity and Cannon to further administrative proceedings pursuant to N.J.S.A. 17:11C-18 and N.J.S.A. 17:11C-48; and

C.    **ORDER TO SHOW CAUSE - LICENSE REVOCATION**

10.    Loancity and Cannon shall appear and show cause why their licensed lenders licenses should not be **REVOKED** pursuant to N.J.S.A. 17:11C-43 and N.J.S.A. 17:11C-18(a)(1) for such violations;

11.    Loancity and Cannon shall appear and show cause why they should not be jointly and severally liable for administrative **PENALTIES** for such violations of the Act pursuant to N.J.S.A. 17:11C-48; and

**IT IS PROVIDED** that Loancity and Cannon shall have the right to request an administrative hearing pursuant to the Administrative Procedures Act, N.J.S.A. 52:14B-1 et seq., as to the terms of paragraphs 1 through 11 of this Order; and

**IT IS FURTHER PROVIDED** that unless a request for a hearing on paragraphs 1 through 11 of this Order is received within twenty (20) days of receipt of this Order, the right to a hearing in this matter shall be deemed to have been

EXHIBIT A

waived by Loancity and Cannon, and the Commissioner may dispose of this matter by issuing a final order pursuant to law.

A hearing may be requested by mailing the request to:

Leona B. Joyner, Chief of Enforcement
Office of Consumer Finance
Department of Banking and Insurance
P.O. Box 040
Trenton, New Jersey 08625-0040

The request shall contain:

(1)      Your name, address and daytime telephone number;

(2)      A copy of this Order;

(3)      A statement requesting a hearing;

(4)      A specific admission or denial of each fact alleged in this Order. Where the licensee has no specific knowledge regarding a fact alleged in the Order, a statement to that effect must be contained in the hearing request. Allegations of this Order not answered in the manner set forth above shall be deemed to have been admitted; and

(5)      A concise statement identifying any factual or legal defense intended to be asserted in response to each charge in this Order. Where the defense relies on facts not contained in the Order, those specific facts must be stated.

NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE

_____
STEVEN M. GOLDMAN, COMMISSIONER

EXHIBIT A

4

1
2
3
4
5
6
7
8
9          EXHIBIT B
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 2:11-cv-01603-JAM -EFB   Document 2  Filed 08/05/11  Page 18 of 31

**Recording Requested By**
**When Recorded Mail To**

Cal-Western Reconveyance Corp.
P.O. Box 22004
525 East Main Street
El Cajon CA 92022-9004

\*1248343-10\*  \*NODXR\*
Trustee Sale No. 1248343-10

Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20091123** PAGE **1176**
Check Number  9304
Monday, NOV 23, 2009  2:28:45 PM
Ttl Pd  $14.00    Nbr-0006133459

TJH/12/1-2

_____Space Above This Line For Recorder's Use_____

Loan No. XXXXX8124  Ref: DODD, RUSSELL

## NOTICE OF DEFAULT

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $10,927.87 as of November 20, 2009, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:
**CITIMORTGAGE, INC.**

**C/O CAL-WESTERN RECONVEYANCE CORPORATION**
**525 EAST MAIN STREET**
**P.O. BOX 22004**
**EL CAJON**     9004 CA 92022-9004
**(619)590-9200**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Page 1 of 2

EXHIBIT B

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

---

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**NOTICE IS HEREBY GIVEN:**

**CAL-WESTERN RECONVEYANCE CORPORATION** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a deed of trust dated May 01, 2006 executed by

**RUSSELL DODD AND JEAN DODD, HUSBAND AND WIFE AS JOINT TENANTS**
     as trustor, to secure certain obligations in favor of

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR LOANCITY, A CALIFORNIA CORPORATION**
     as beneficiary

recorded as document XXX on May 05, 2006 in book 20060505 page 1609 official records in the office of County Recorder
of SACRAMENTO County, California, describing land therein as:

**COMPLETELY DESCRIBED IN SAID DEED OF TRUST**

said obligations including a promissory note for the principal sum of $241,500.00
that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Failure to pay the monthly payment due March 1, 2009 of principal and interest and subsequent installments due thereafter; plus late charges; together with all subsequent sums advanced by beneficiary pursuant to the terms and conditions of said deed of trust.

That by reason thereof the present beneficiary under such Deed of Trust has deposited with said trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5.

T.S. 1248343-10
Dated:      November 20, 2009          CAL-WESTERN RECONVEYANCE CORPORATION

                              Signature By _____

09/05/2008 rev.                                   Nodca.doc Page 2 of 2

EXHP - EXHIBIT B

20

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:



Service Link

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON  CA  92022-9004

 

**Sacramento County Recorder**
**Craig A. Kramer, Clerk/Recorder**
BOOK **20100119** PAGE **0041**
Check Number  6349
**Tuesday, JAN 19, 2010  8:13:47 AM**
Ttl Pd    $23.00        Nbr-0006194903
       TJH/12/1-3

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

LOAN NO.: XXXXX8124 T.S. NO.: 1248343-10

827141

## SUBSTITUTION OF TRUSTEE
### This Form Provided By Cal-Western Reconveyance Corporation

WHEREAS, RUSSELL DODD AND JEAN DODD, HUSBAND AND WIFE AS JOINT
TENANTS  was the original Trustor,

CHICAGO TITLE COMPANY
was the original Trustee,

and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR
LOANCITY, A CALIFORNIA CORPORATION  was the original Beneficiary

under that certain Deed of Trust dated May 01, 2006 and recorded on May 05, 2006 as Instrument
No. XXX, in book 20060505, page 1609 of Official Records of SACRAMENTO County, California,
and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS,
the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and stead of
present Trustee thereunder, in the manner in said Deed of Trust provided.

NOW, THEREFORE, the undersigned hereby substitutes

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET, P.O. BOX 22004
EL CAJON  CA  92022-9004

as Trustee under said Deed of Trust.

EXHIBIT  B



**CAL-WESTERN RECONVEYANCE CORPORATION**

T.S NO. _1 2 4 8 3 4 3 - 1 0_

LOAN NO. _8 1 2 4_

# AFFIDAVIT OF MAILING SUBSTITUTION OF TRUSTEE
## PURSUANT TO CALIFORNIA CIVIL CODE §2934a

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

THE UNDERSIGNED BEING SWORN, SAY(S):

A COPY OF THE SUBSTITUTION OF TRUSTEE HAS BEEN MAILED, PRIOR TO OR CONCURRENTLY WITH THE RECORDING THEREOF, IN THE MANNER PROVIDED IN SECTION 2934a OF THE CIVIL CODE OF CALIFORNIA, TO ALL PERSONS TO WHOM A COPY OF THE NOTICE OF DEFAULT WOULD BE REQUIRED TO BE MAILED BY THE PROVISIONS OF SUCH SECTION.

Dated: _JAN 1 4 2010_

_____
Dana Rodriguez

State of California
County of San Diego

On _JAN 1 4 2010_ before me, ____Jeffrey Starling____, a Notary Public, personally appeared Dana Rodriguez, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____

JEFFREY STARLING
COMMISSION # 1858755
Notary Public - California
SAN DIEGO COUTY
My Comm. Expires Jul 24 2013

ASUB.DOC                                              Rev. 10/02/09

Cal-Western Reconveyance Corporation
525 East Main Street, El Cajon, California 92020 •P.O. Box 22004, El Cajon, California 92022-9004
TEL: (619) 590-9200 •FAX: (619) 590-9299 • Website: www.cwrc.com

EXHIBIT B

**Recording Requested By**
**ServiceLink**                    $\mathcal{N}$
RECORDING REQUESTED BY
And When Recorded Mail To:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON CA 92022-9004

Sacramento County Recorder
Craig A. Kramer, Clerk/Recorder
BOOK **20100224** PAGE **0060**

Check Number  9552
Wednesday, FEB 24, 2010  8:19:51 AM
Ttl Pd    $23.00      Nbr-0006241492

**SJS/57/1-3**

Trustee Sale No. 1248343-10          Space Above This Line For Recorder's Use

27141          **NOTICE OF TRUSTEE'S SALE**

LOAN NO: XXXXX8124                    APN: 255-0142-001-0000  TRA:54495
REF: **DODD, RUSSELL**                    **UNVER**

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED **May 01, 2006**. UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF
YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU
SHOULD CONTACT A LAWYER.

On **March 16, 2010**, at **10:00am**, CAL-WESTERN RECONVEYANCE CORPORATION, as duly
appointed trustee under and pursuant to Deed of Trust recorded **May 05, 2006**, as Inst. No. **XXX**, in book
**20060505**, page **1609**, of Official Records in the office of the County Recorder of **SACRAMENTO**
County, State of **CALIFORNIA** executed by:

**RUSSELL DODD AND JEAN DODD, HUSBAND AND WIFE AS JOINT TENANTS**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK
DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL
CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN
ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102
OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

**AT THE EAST MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 720 9TH
STREET
SACRAMENTO CALIFORNIA**

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property
situated in said County and State described as:

**COMPLETELY DESCRIBED IN SAID DEED OF TRUST**

NOS DOC                    Rev 07/06/09                    Page 1 of 2

EXHIBIT B